1

2                    UNITED STATES DISTRICT COURT
                          DISTRICT OF NEVADA
3

4   Ederick Dillard,                          Case No. 2:24-cv-01538-CDS-NJK

5                    Plaintiff                 **Order Dismissing and
                                                Closing Case**
6   v.

7   Las Vegas Metropolitan Police Dept., et al.,

8                    Defendants

9

10          Plaintiff Dillard brings this civil-rights action under 42 U.S.C. § 1983 to redress

11   constitutional violations that he claims he suffered while detained at the Clark County Detention

12   Center. ECF No. 6. On March 3, 2025, I ordered Dillard to file an amended complaint by April 7,

13   2025. ECF No. 5 at 7. I warned Dillard that the action could be dismissed if he failed to file an

14   amended complaint by that deadline. *Id.* That deadline expired, and Dillard did not file an amended

15   complaint, move for an extension, or otherwise respond.

16   **I.      Discussion**

17          District courts have the inherent power to control their dockets and "[i]n the exercise of

18   that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.

19   *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an

20   action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*,

21   856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule

22   requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128,

23   130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to

24   dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in

25   expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of

26   prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and

27

28

(5) the availability of less drastic alternatives. *See In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissing Dillard's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Dillard files an amended complaint, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception: there is no hint that Dillard needs additional time or evidence that he did not receive my screening order. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

**II.    Conclusion**

Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Dillard's failure to file an amended complaint in compliance with my March 3, 2025, order and for failure to state a claim.

The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Dillard wishes to pursue his claims, he must file a complaint in a new case.

Dated: April 16, 2025

_____
Cristina D. Silva
United States District Judge